UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

A SECURITY (15 USC)
--------------------------
U.S.S.E.C. TRACER FLAG

AMERICAN AXLE & MANUFACTURING, INC.,

Plaintiff,

Case No. 03-74492

vs.

HON. VICTORIA A. ROBERTS

MARK ALLEN MURDOCK, and
JUANITA DENISE MURDOCK,

[Formerly Case No. 03-320706-CZ, 3rd
Judicial Circuit, Michigan]

Defendants.

ORAL ARGUMENT REQUESTED

## DEFENDANTS MOTION TO DISMISS AND/OR SUMMARY JUDGMENT

MARK ALLEN MURDOCK© and JUANITA DENISE MURDOCK©, an entity, being

Defendants herein, by Mark-Allen: Murdock:© and Juanita-Denise: Murdock:©, Authorized

Representatives, moves this Court under Fed.R.Civ.P 12(b)(6) and 56(c) for dismissal of Plaintiff's

instant cause of action and/or summary judgment. The basis of this removal to this Court for

dismissal and for summary judgment is based upon the facts that Plaintiffs have failed to state a

claim where relief can be granted being that the state court lacks jurisdiction of the subject matter,

the state court lacks jurisdiction over the persons and property, the service of summons and

complaint was insufficient, the party asserting the claim lacks the legal capacity to sue, the claim

is barred by statute of frauds, the opposing party has failed to state a valid defense to the claim

asserted against them, the Defendants and the Authorized Representatives are denied and cannot

enforce any rights under any laws in the state action, the state court is acting under color of

authority, and there is no genuine issue as to any material facts, in which Defendants and the

Authorized Representatives are entitled to dismissal and summary judgment as a matter of law. In

support of this motion, Defendants Authorized Representatives states as follows:



*Copyright*                              1

1. On June 25, 2003, Plaintiff filed a lawsuit in the Wayne County Circuit Court alleging declaratory and injunction relief in total violation of UAW grievance procedures. Defendants were improperly served by a process server trespassing and assaulting Authorized Representative Mark-Allen: Murdock:©. Chesterfield Police Department gave back the summons and complaint to the process server. Plaintiffs then get a Partial Default Judgment as Defendants or the Authorized Representatives did not answer the complaint by not being properly served. Being that the court has no jurisdiction, Defendants or the Authorized Representatives did not appear in the state court granting them jurisdiction. The Partial Default Judgment is defective as the state court has no jurisdiction over Federal Tax Laws and Federal Copyright Laws, nor was Defendants properly served. Since the Partial Default Judgment is null and void on its face, Authorized Representatives continued administrative procedures to collect money (property) illegally taken from Juanita-Denise: Murdock:©'s paycheck. Plaintiff then continued filing a motion for contempt of court for trying to go through the UAW grievance procedures. Plaintiff's and the state court somehow think that the Defendants and the Authorized Representatives are one in the same, but fails to prove this fact. Plaintiff cannot file a lawsuit when there is a pending UAW grievance in process, but did so anyway. Defendants and the Authorized Representatives are held in contempt of court for continuing administrative procedures for trying to collect back pay illegally taken without a court order or judgment. Authorized Representatives appeared at a contempt of court hearing being nothing more than abused and slandered by the state court and Plaintiff's. The state court refused to grant the Authorized Representatives witnesses in their defense, ruling on 3rd party hearsay in which the Michigan Court of Appeals has ruled in another case that testimony from a third party is considered hearsay. The Authorized Representatives then filed a complaint for superintending control in the Michigan Court of Appeals as the UAW grievance appeal time limit was running out. The Michigan

Court of Appeals denied the complaint for superintending control giving the Authorized Representatives no relief in state courts in which Authorized Representative Juanita-Denise: Murdock:© has lost her UAW appeal rights. A counter suit (Case No. 03-73744) was filed in this Court for damages and relief. Plaintiff's are continuing with their action filing false and inaccurate documents with the state court intentionally adding attorney fees, which they are now trying to collect.

2. Defendants and the Authorized Representatives did not do anything wrong and now seeks relief in this Court under Title 28 USC § 1441 and 1443 by being victims of false and slanderous actions and being able not to get any relief in state courts.

WHEREFORE, the Authorized Representatives requests that the state court action be dismissed with prejudice rendering the Partial Default Judgment null and void, and that the Authorized Representatives be awarded reasonable costs and fees.

Respectfully submitted,

Dated: _11-10-03_

*Mark-Allen: Murdock:©*
MARK ALLEN MURDOCK©, by
Mark-Allen: Murdock:©, Auth. Rep.

*Juanita-Denise: Murdock:©*
JUANITA DENISE MURDOCK©, by
Juanita-Denise: Murdock:©, Auth. Rep.

*Copyright*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

```
┌─────────────────────────────┐
│   A SECURITY (15 USC)        │
│ --------------------------   │
│  U.S.S.E.C. TRACER FLAG      │
└─────────────────────────────┘
```

AMERICAN AXLE & MANUFACTURING, INC.,

                                    Plaintiff,          Case No. 03-74492

vs.                                                     HON. VICTORIA A. ROBERTS

MARK ALLEN MURDOCK, and                                 [Formerly Case No. 03-320706-CZ, 3rd
JUANITA DENISE MURDOCK,                                  Judicial Circuit, Michigan]

                                    Defendants.         ORAL ARGUMENT REQUESTED
_____/

### BRIEF IN SUPPORT OF MOTION FOR
### DISMISSAL AND/OR SUMMARY JUDGMENT

### I. INTRODUCTION

1. Defendant MARK ALLEN MURDOCK© is an entity being wrongly and falsely sued as a live human being as Mark-Allen: Murdock:©. Mark-Allen: Murdock:© is the Authorized Representative of the entity of MARK ALLEN MURDOCK:©. Authorized Representative Mark-Allen: Murdock:© is the husband of Juanita-Denise: Murdock:©.

2. Defendant JUANITA DENISE MURDOCK© is an entity being wrongly and falsely sued as a live human being as Juanita-Denise: Murdock:©. Juanita-Denise: Murdock:© is the Authorized Representative of the entity of JUANITA DENISE MURDOCK©. The Authorized Representative Juanita-Denise: Murdock:© is employed by Plaintiff American Axle & Manufacturing, Inc.

3. Plaintiff's lawsuit arises on false allegations of Federal IRS tax withholding claiming that they have been defamed and to stop administrative procedures on collecting back pay owed plus other frivolous issues, therefore, having a state court grant and issue a Partial Default Judgment having no jurisdiction to do so. Plaintiff's filed a lawsuit in complete violation of the UAW constitution and collective bargaining agreement as the company cannot file a lawsuit when the subject matter

*Copyright*                            1

of a grievance is in the hearing process, but did so anyway. Please see Exhibit A. Therefore, Plaintiffs have failed to state a claim on which relief can be granted.

## II. STATEMENT OF FACTS

1. On January 2, 2003, Authorized Representative Juanita-Denise: Murdock:© filed a new Federal Form W-4 with her employer American Axle & Manufacturing, Inc. (AAM) claiming tax exempt as we had no taxable liability for year 2002 which is her right to do. Plaintiff refused to comply with the tax laws and file her tax exempt. Authorized Representative Mark-Allen: Murdock:© having Power of Attorney over Juanita-Denise: Murdock:©'s tax matters (Exhibit B), sent Plaintiff numerous letters to comply with state, federal, and local tax laws. Plaintiff finally complied and exempted Juanita-Denise: Murdock:© from withholding. The Internal Revenue Service sent Plaintiff a letter that they *should* change the W-4 to Single 0 Allowances without a court order or judgment. Plaintiff complied without a court order or judgment. Juanita-Denise: Murdock:© filed a formal UAW Grievance (Exhibit C) with her Local Union 235, as the union contract states that management will comply with all state and federal laws. Please see Exhibit D. The UAW Constitution also says that the UAW is to protect the lives and rights of its members and their families. Please see Exhibit E. Plaintiff signed a Grievance Decision (Exhibit C) agreeing not to change the Form W-4 to Single 0 Allowances. As of this date, Plaintiff has wantonly and willfully refused to honor the Grievance Decision or any federal, state, and local laws. This is a breach of contract. There has been over 43 counts of grand theft of money (property) stolen from Juanita-Denise: Murdock:©'s paycheck as of this date without a federal court order or judgment. Authorized Representatives sent Plaintiff more letters and invoices to comply with the tax laws and return the stolen property (money). Plaintiffs refused to do so and filed a instant frivolous suit in the Wayne County 3rd Circuit Court against the entities (Defendants) arguing federal tax laws and

2

federal copyright laws, violating the union contract as Plaintiff cannot file a civil lawsuit when there is an ongoing grievance (Exhibit A). The case is frivolous as Plaintiff has failed to state a claim where relief can be granted. Administrative procedures (UAW Grievance Appeals) must be exhausted first. **Blair v. Checker Cab Co. 219 Mich App 667, 671; 558 NW2d 439 (1996).** The state 3rd Circuit Court has no jurisdiction until administrative procedures are exhausted first. Further, the 3rd Circuit Court has no jurisdiction over federal tax matters. Not only does the 3rd Circuit Court have no jurisdiction, the Authorized Representatives was not properly served a summons and complaint as required by Michigan Court Rule 2.105(A)(1). The Authorized Representatives has a no trespassing sign on the house accompanied with a Michigan Court of Appeals Order, **Larry L. Fairchild v. Buena Vista Charter Township** (Exhibit F). The process server trespassed without a court order or warrant in which Juanita-Denise: Murdock;© called 911 in which the Chesterfield Police arrived. The police officers informed the process server not to trespass and gave back the summons and complaint. The Authorized Representatives have not received a properly served summons and complaint by a process server, nor have we received a summons and complaint in our proper common law copyright/trademark name. A state court hearing was conducted on October 9, 2003 about the argument of being properly served. The court was biased and refused to subpoena the process server and the four police officers. The court allowed testimony from a third party which is considered hearsay. The state court has discriminated against the Authorized Representatives by ruling on hearsay and refusing to call witnesses. The decision was based on no facts or law or any kind of rational thought. The state circuit court thinks that a process server can trespass without a court order or warrant in complete violation of property rights. The state court has also allowed Plaintiff's attorney to commit perjury in court stating that Defendants have filed six petitions with the Inter-Commission for Human Rights and every place

3

else you can think of. Please see Exhibit G. Defendants and the Authorized Representatives have not filed six petitions with the Inter-American Commission of Human Rights against any party. The state circuit court is completely biased allowing perjury and this kind of conduct to take place, but finds the Defendants in contempt of court for arguing jurisdictional issues.

2. The state circuit court has further discriminated against the Defendants and the Authorized Representatives by stating on court record October 15, 2003, that the court does not understand administrative procedures. The state circuit court has no jurisdiction until the UAW Grievance Appeal has been exhausted. The state circuit court further stated on September 30, 2003, that the Authorized Representatives cannot file the Grievance Appeal and has to be filed with Plaintiff's attorney. The state circuit court has failed to state the law it is relying on to prevent the filing of the Grievance Appeal. Authorized Representative Mark-Allen: Murdock:© met with Plaintiff's attorneys Daniel J. Bernard and William Altman on October 17, 2003 to file the Grievance Appeal, but Plaintiff's attorneys refused to take it, stating that he will proceed to file more contempt of order charges if it is filed. This is obstruction of justice by preventing us to proceed with administrative procedures and file the Grievance Appeal.

3. Therefore, the Authorized Representatives have no administrative remedies at or in law by such frivolous orders issued and enforcing them having no jurisdiction to do so. The Authorized Representatives now files this removal for relief as the Authorized Representatives have no remedy at or in law pursuant to Title 28 USC § 1443.

### III. ARGUMENT

**A. Applicable Standard to Dismiss and/or Summary Judgment pursuant to Fed.R.Civ.P. 12(b)(1), (2) and (6); and Fed.R.Civ.P 56(c).**

1. Under Fed.R.Civ.P. 12(b)(1), the case can be dismissed for "lack of jurisdiction over the

4

subject matter." "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." **Michigan S RR Co. v. Branch & St Joseph Counties Rail Users Ass'n Inc.,** 287 F3d 568, 573 (6th Cir. 2002)(citing **Moir v. Greater Cleveland Reg'l Transit Auth,** 895 F2d 266, 269 (6th Cir. 1990)). Apparently, the court may dismiss a complaint at any time for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) where the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, or devoid of merit. **Apple v. Glen,** 183 F3d 477, 479 (6th Cir. 1999).

2. Granting the Motion to Dismiss made pursuant to Fed.R.Civ.P 12(b)(2) for lack of personal jurisdiction is "proper if all the specific facts which the plaintiff alleges collectively fail to state a prima facie case for jurisdiction." **Compuserve, Inc. v. Patterson,** 89 F3d 1257, 1262 (6th Cir. 1996).

3. Under Fed.R.Civ.P. 12(b)(6) allows dismissal for "Failure to state a claim upon which relief can be granted." **In Re DeLorean Motor Co,** 991 F2d 1236, 1240 (6th Cir. 1993), the court held that to survive a motion to dismiss, a complaint must contain "Either direct or indirect allegations respecting all material elements to sustain a recovery under some viable legal theory." Also see, **Car Carriers, Inc. v. Ford Motor Co.,** 745 F.2d 1101, 1106 (7th Cir. 1984, cert denied, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed. 2d 821 (1985). Further, the Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiff's to recover. **Carter v. Cornwell,** 983 F.2d 52, 54 (6th Cir. 1993).

4. The purpose of Rule 12(b)(6) is to allow a Defendant to test whether, as a matter of law, the Plaintiff is entitled to legal relief even if everything alleged in the complaint is true." **Mayer v. Mylod,** 988 F2d 635, 638 (6th Cir. 1993); **Jackson v. Richards Med. Co.,** 961 F2d 575, 577-78 (6th Cir. 1992). When deciding a motion under that Rule, "the court must construe the complaint

in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." **Cline v. Rogers**, 87 F3d 176, 179 (6th Cir. 1996). Under Fed.R.Civ.P 12(b)(6), the court should accept well pleaded facts as true, but "need not accept as true legal conclusions or unwarranted factual inferences." **Lewis v. ABC Bus Servs., Inc.,** 135 F.3d 389, 405 (6th Cir. 1998)(citing **Morgan v. Church's Fried Chicken**, 829 F.2d 10, 12 (6th Cir. 1987). It is Plaintiff's obligation to show that the complaint "alleges a claim under federal law, and that the claim is substantial." **Michigan S RR Co.,** 287 F3d at 573 (quoting **Masson Theatrical Inc. v. Federal Express Corp.,** 89 F3d 1244, 1248 (6th Cir. 1996)).

5. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving parties entitled to judgment as a matter of law." Fed.R.Civ.P 56(c). All evidence and inferences to be drawn must be viewed in the light most favorable to the non-movant, **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,** 475 U.S. 574, 587 (1986); however, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." **Anderson v. Liberty Lobby, Inc.,** 477 U.S. 242, 252 (1986).

## IV. LEGAL ANALYSIS

### A. Plaintiff's Have Failed to State a Claim Upon Which Relief Can Be Granted.

1. Plaintiff's mere conclusions in their Partial Default Judgment is insufficient to state a claim, since the union contract and union constitution specifically states that a lawsuit cannot commence if there is an ongoing UAW grievance. Please see Exhibit A. Therefore, Plaintiff's must allege a simple basis of jurisdiction to file the lawsuit, which they have not done, and their complaint is

subject to dismissal. **Haverstick Enterprises Inc. v. Financial Federal Credit Inc.**, 32 F3d 989 (6th Cir. 1994).

2. Plaintiff's have no jurisdiction to file a civil action and the trial court has no jurisdiction to enforce any civil action and issue judgments and orders. Plaintiff's has failed to exhaust administrative remedies through the UAW grievance procedures. Plaintiff's cannot file a lawsuit when there is an ongoing grievance being appealed. The Grievance Appeal is an administrative remedy through the union. Therefore, Plaintiff's and the state circuit court lacks jurisdiction and the case must be dismissed. Summary disposition for lack of jurisdiction is proper when a Plaintiff has failed to exhaust its administrative remedies. **Blair v. Checker Cab Co., Supra.** Apparently, the Legislature has expressed an intent to make an administrative tribunal's jurisdiction exclusive, then the circuit court cannot exercise jurisdiction over those same areas. MCL 600.605; MSA 27A.605; **Universal Am-Cam Ltd v. Attorney General**, 197 Mich App 34, 37; 497 NW2d 787 (1992).

3. At a court hearing held on October 15, 2003 concerning the alleged contempt of order charge, the state court judge stated that he didn't understand the administrative process or procedures. Since the state circuit court doesn't understand the administrative process or procedures, and the Plaintiff lacks jurisdiction under MCR 2.116(C)(4), Plaintiff has no standing in fact or law and do not have the capacity to sue or be sued as the Plaintiff is not a real party in interest, MCR 2.201(B) and (C); MCLA 450.1911. Plaintiff has no standing in fact or law which relates to position or situation of a Party relative to the cause of action and other Parties at the time of Party seeks relief form the Court. **Department of Social Services v. Baayoun**, (1994) 204 Mich Appeals 170, 514 NW2d 522. Standing is a legal term to denote the existence of a Party's interest in the outcome of litigation, which will assure sincere and vigorous advocacy, and more important, to have standing, a Party

7

must demonstrate a legally protected interest that is in jeopardy of being adversely affected and must allege a sufficient personal stake in the outcome of the dispute to ensure that the controversy to be adjudicated will be presented in an adversarial setting capable of judicial resolution. **Taylor v. Blue Cross and Blue Shield of Michigan,** (1994) 205 Mich App 644, 517 Nw2d 864. For Plaintiff's to have standing, as a requisite to sue or be sued, or to enter into a stipulation ensures that only those who have a substantial interest in the outcome of a lawsuit will be allowed to come into court and complain. **Rogan v. Morton,** (1988) 167 Mich App 483 NW2d 237; **White Lake Improvement Ass'n v. Whitehall,** (1970) 22 Mich App 262, 177 NW2d 473. Plaintiff's do not even have the legal right to consent to the Court's jurisdiction as Parties cannot by consent confer jurisdiction over subject matter upon tribunal from which law has withheld it. **Yedinak v. Yedinak,** (1970) 175 NW2d 706, 383 Mich 409. Further, since Plaintiff's do not have standing in fact or law, jurisdiction of the subject matter of a judicial proceeding is an absolute requirement and cannot be conferred by consent, by conduct or by waiver, nor may statutory jurisdiction be conferred by consent. **Kita v. Matuszak,** (1970) 175 NW2d 551, 21 Mich App 421.

4. Plaintiff's are suing the wrong party(s). The Authorized Representatives relies on IRS letter CP 576 A (Exhibit H) as the authority that Defendant is suing the wrong party(s). The name of MARK ALLEN MURDOCK© and JUANITA DENISE MURDOCK© is an entity being a trust. IRS letter CP 576 A, issued a employer identification number to the entity. Plaintiff's are suing an entity, but is somehow implying that it is the real life flesh and blood of Mark-Allen: Murdock:© and Juanita-Denise: Murdock:©. This was argued on October 15, 2003 to the state circuit court. The state circuit court said on record that it is frivolous failing to state the legal authority or any rational reasoning for its decision, nor did the state circuit court base the frivolous decision on any basis of fact or law.

8

5. The Authorized Representatives are definitely injured as Plaintiff's have intentionally filed this instant frivolous case with dirty hands. Apparently, the Plaintiff's have violated the "Clean Hands Doctrine" in which the Court must shut the doors of the Court against Plaintiff's and refuse to award them any remedy. **Franklin v. Franklin, 365 MO. 442, 283 SW2d 483, 486.** Plaintiff's frivolous claims and barratry pleads no facts and are just conclusions. Conclusory allegations, in and of themselves, are sufficient grounds to dismiss for summary judgment and to grant and award the Authorized Representatives costs, fees, damages, etc. as Plaintiff's false and defaming allegations are based on mere conclusions and opinions, they need not be accepted as true and they fail to state a claim where relief can be granted. **Morgan v. Church's Fried Chicken, Supra.**

## CONCLUSION

For the foregoing reasons, the Authorized Representatives pray that this Court will dismiss Plaintiff's frivolous action, and/or grant summary judgment in favor of the Authorized Representatives, and award the Authorized Representatives their costs and fees so wrongfully sustained as justice and public policy requires.

Respectfully submitted,

Dated: _11-10-03_

*Mark-Allen: Murdock: ©*
MARK ALLEN MURDOCK©, by
Mark-Allen: Murdock:©, Auth. Rep.

*Juanita-Denise: Murdock:©*
JUANITA DENISE MURDOCK©, by
Juanita-Denise: Murdock:©, Auth. Rep.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED